FILED
2022 Apr-13  PM 12:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **JAIME C. MOBLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **ROY E. COSBY; and NUNLEY TRUCKING,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

## NOTICE OF REMOVAL

---

COME NOW Roy E. Cosby and Nunley Trucking Co., Inc.[1] (Hereinafter "Defendants"), and file this Notice of Removal of this matter from the Circuit Court of Colbert County, Alabama to the United States District Court for the Northern District of Alabama, Northwestern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of said removal, Defendants show unto the Court as follows:

### BRIEF STATEMENT OF FACTS

1.      On December 13, 2021, Plaintiff, Jaime C. Mobley, filed a Complaint in the Circuit Court of Colbert County, Alabama, styled <u>Jaime C. Mobley v. Roy E. Cosby, et al</u>, and bearing Civil Action Number CV-2021-900281.  A copy of all filings in the state court action is attached collectively hereto as "Exhibit A."

---

[1] Nunley Trucking Co., Inc. is improperly identified as "Nunley Trucking" in Plaintiff's Complaint.

2.     Plaintiff, Jaime Mobley, at the time of commencement of this action, and since that time, was and is a citizen and resident of the State of Alabama, living at 104 E Marion Ave, Tuscumbia, AL 35674. (Pl. Compl. at ¶1); Alabama Uniform Traffic Crash Report No. 9753196, attached hereto as "Exhibit B")

3.     The Complaint names Roy E. Cosby and "Nunley Trucking" as party defendants. The Complaint also names fictitious parties or entities that Plaintiff claims are or may be liable to her for her claimed injuries. (Pl. Compl. ¶¶ 3-9)

4.     Defendant Roy E. Cosby is an adult resident citizen of McNairy County, Tennessee. (Cosby Service Return, "Ex. A")

5.     Defendant Nunley Trucking is a corporation formed under the laws of the State of Mississippi. (2022 Corporate Annual Report, attached hereto as "Exhibit C")  Its principal place of business is also in Mississippi. (Id.)

6.     Plaintiff claims injuries and damages arising out of a December 17, 2019 collision in which Plaintiff's vehicle ran into the trailer of a truck belonging to Nunley Trucking and being operated by Roy E. Cosby. (Pl. Compl. ¶¶ 11-12)

7.     Plaintiff claims to have suffered injuries and damages, including:

a.     The Plaintiff was caused to suffer injuries to their persons that were and are attended by physical pain and suffering;

b.     The Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat and cure their injuries;

c.     The Plaintiff suffered mental anguish and emotional distress; and

d.     The Plaintiff suffered past, present and future lost earnings and lost earning capacity.

8.      The Complaint does not seek a sum certain, but prays for "compensatory damages in an amount that will adequately compensate the Plaintiffs [sic] for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongness of the Defendant's conduct and deter similar future conduct." (Pl. Compl. *ad damnum* clause)

9.      Service was perfected on Nunley Trucking on January 4, 2022. (Nunley Service Return, "Ex. A") It was perfected on Roy E. Cosby on March 14, 2022. (Cosby Service Return, "Ex. A")

10.     Plaintiff has submitted to Defendant retail medical charges totaling $192,609.19 and a Blue Cross Blue Shield of Alabama Subrogation claim totaling $29,050.42. (BCBS Subrogation Letter, attached hereto as "Exhibit D")

11.     Defendants have provided a copy of this Notice of Removal to all adverse parties and to the Clerk of the Circuit Court of Jefferson County, Alabama in accordance with 28 U.S.C. § 1446(d).

12.     This Notice is being filed with this Court within thirty (30) days after the last of the removing defendants received a copy of Plaintiff's Complaint.

## ARGUMENT

## I.      COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

This Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332, because the suit is between citizens of different states.   Plaintiff is a resident of Alabama, while Defendants are residents of Louisiana.

Although Ala. R. Civ. P. 9(h) allows a plaintiff ignorant of the true name of an opposing party to designate that party by a fictitious name, 28 U.S.C. § 1441(a) forbids considering the

citizenship of fictitious parties in determining the existence of diversity.  It states in pertinent part: "[f]or purposes of removal under this chapter [28 USCS §§ 1441 et seq.], the citizenship of defendants sued under fictitious names shall be disregarded."[2]  Therefore, only the citizenship of the named parties are to be considered in determining diversity of citizenship.

Plaintiff may cite to Brown v. TranSouth Fin. Corp., 897 F.  Supp. 1398 (M.D.  Ala.  1995) for the proposition that, where a plaintiff alleges a cause of action against a fictitious defendant, giving a definite clue as to the identity of that fictitious defendant by specifically referring to an individual acting as a company's agent, the court should consider the citizenship of that fictitious defendant in determining diversity jurisdiction.  However, Brown, as well as other oft-cited cases such as Marshall v. CSX Transp. Co., 916 F. Supp. 1150 (M.D. Ala. 1995) (De Ment, J.), Tompkins v. Lowe's Home Center, Inc., 847 F. Supp. 462, 464 (E.D. La. 1994), Green v. Mutual of Omaha, 550 F. Supp. 815, 818 (M.D. Cal. 1982) and Wright v. Sterling Investors Life Ins. Co., 747 F. Supp. 653, 655 (N.D. Ala. 1990) are inapplicable to the case at bar, insofar as same either involve cases in which the Plaintiff was seeking to add a resident defendant by amendment (Marshall, Brown, Wright), or predate the 1988 amendment to the Judicial Improvements and Access to Justice Act (Green), or incorrectly rely on pre-1988 law (Tompkins).  See Howell v. Circuit City, 330 F. Supp. 2d 1314, 1317-1318 (M.D. Ala. 2004).

Here, the named parties are an individual residing in Tennessee and a corporation formed and headquartered[3] in Mississippi. Accordingly, the parties are presently completely diverse, thereby fulfilling the requirement of 28 U.S.C. § 1332.  If and when Plaintiff seeks to amend his

---

[2] "This language was added in 1988 under the Judicial Improvements and Access to Justice Act, in order to curtail the practice of naming fictitious defendants merely to destroy diversity."  Howell v. Circuit City, 330 F. Supp. 2d 1314, 1317 (M.D. Ala. 2004).

[3] For purposes of diversity jurisdiction – and hence removal – a corporation is a citizen of the state where its "nerve center" is located. Hertz Corp. v. Friend, 559 U.S. 77 (2010). A corporations' "nerve center" is where its leading officers direct, control, and coordinate its activities. Id. The entirety of Nunley Trucking Inc.'s leadership and operations are centered in Iuka, Mississippi. ("Ex. C")

Complaint to name the true identity of the fictitious party(ies), the question of whether he should be allowed to do so would be ripe for determination; for now, diversity of citizenship exists.

## II.   THE AMOUNT IN CONTROVERSY MORE LIKELY THAN NOT EXCEEDS THE $75,000.00 JURISDICTIONAL THRESHOLD.

Plaintiff does not demand a specific amount in his Complaint. (*See* Pl. Compl. generally) Removal of a state court case, in which the complaint does not specify the amount of damages sought, on the basis of diversity jurisdiction is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional threshold. Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001).  Indeed, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014).  Section 1446(c)(2)(B) only requires evidence establishing the amount in controversy when the plaintiff contests, or the court questions, the defendant's allegation. Id.

Defendants do not anticipate that Plaintiff will dispute that the amount in controversy exceeds this Court's jurisdictional threshold, given the fact that the claimed medical charges total $192,609.19.  However, if he does, Defendants recognize that they have the burden of proving by a "preponderance of the evidence" that the amount in controversy is more likely than not more than $75,000.00. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000); *see also* Flowers v. Priority Healthcare Pharm., Inc., 2007 U.S. Dist. LEXIS 34688 (S.D. Ala. 2007) (applying the Tapscott standard); Sierminski v. Transouth Fin. Corp., 216 F. 3d 945, 948 (applying a "preponderance of the evidence" standard when considering whether a removing defendant had properly established the amount in controversy).

Of course, predicting a jury verdict is an inexact science.  Indeed, "it is the peculiar function of the jury to determine the amount by their verdict." Barry v. Edmunds, 116 U.S. 550, 565 (1886).  Instead, the best predictor for a potential jury verdict, and thus, the amount in controversy, is a compilation of previous verdicts rendered in other, similar cases. Courts have recognized that defendants may properly discharge their burden of proof by offering such examples. *See, e.g.*, Kirkland v. SSL Americas, Inc., 263 F. Supp. 2d 1326, 1333 (M.D. Ala. 2003) (finding that defendant proved the amount in controversy exceeded $75,000 by providing Alabama state court verdicts above that amount from similar actions); *see also* Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255, 1258-59 (M.D. Ala. 2001); *see also* Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003).  Alabama juries have frequently rendered verdicts which substantially exceed this Court's jurisdictional threshold in cases involving claims similar to those raised by Plaintiff:

| VERDICT | STYLE | CV NO. | VENUE | FACTS |
|---------|-------|--------|-------|-------|
| $3,000,000.00 | Marshall v. R.W. Delaney Construction Co. et al | CV-15-900103 | Conecuh County | Plaintiff claimed a tractor-trailer hauling an oversized load pulled into his path from a side road and caused him to sideswipe the rig, thus leading Plaintiff's vehicle to flip over. Plaintiff's claimed medical charges totaled $71,399.00. |
| $1,000,000.00 | Simoneau v. United Parcel Service, Inc. | CV-2012-901209 | Mobile County | Plaintiff claimed that a UPS truck driver turned left in front of him, causing him to collide with the side of the UPS truck. Plaintiff's medical providers claimed subrogation in the amount of $23,295.40. |
| $870,000.00 | Ricks v. Transport Distribution Company | CV-09-900098 | Colbert County | Plaintiff claimed Defendant's tractor-trailer rear-ended the Alabama Department of Transportation vehicle he was operating to alert motorists of a work crew. Plaintiff's medical and worker's comp providers claimed subrogation in the amount of $28,633.00. |

These similar cases show that the amount in controversy here is more likely than not in excess of the jurisdictional threshold of $75,000.00.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, Defendants respectfully request this Honorable Court take jurisdiction of this case and issue all necessary orders and process in order to remove the case from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted,

_____
J. Bernard Brannan, III (BRA155)
Attorney for Defendants

<strong><u>OF COUNSEL:</u></strong>
Gaines Gault Hendrix P.C.
361 Summit Boulevard, Suite 200
Birmingham, Alabama 35243
Phone: (205) 402-4803
Fax:    (205) 980-1098
bbrannan@ggh-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April, 2022, a copy of the foregoing was served electronically and/or by placing a copy of same in the U.S. Mail, first-class postage prepaid and properly addressed, as follows:

Bradford J. Griffin
ALEXANDER SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue S.
Birmingham, AL 35222

_____
J. Bernard Brannan, III (BRA155)
OF COUNSEL