**EXHIBIT A**

ELECTRONICALLY FILED
12/13/2021 1:01 PM
20-CV-2021-900281.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

FILED
2021 Dec-13  PM 12:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>20-CV-2021-900281.00<br><br>Date of Filing:   Judge Code:<br>12/13/2021 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA
### JAMIE C. MOBLEY v. ROY E. COSBY ET AL

**First Plaintiff:** ☐ Business  ☑ Individual ☐ Government ☐ Other     **First Defendant:** ☐ Business  ☑ Individual ☐ Government ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**   F ☑ INITIAL FILING       A ☐ APPEAL FROM DISTRICT COURT       O ☐ OTHER

R ☐ REMANDED       T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO       **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

GRI083          12/13/2021 1:01:56 PM          /s/ BRADFORD JOSEPH GRIFFIN
                Date                            Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**      ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**      ☐ YES ☑ NO

**EXHIBIT A**

Case 3:22-cv-00467-LCB   Document 1-1   Filed 04/13/22   Page 2 of 62

ELECTRONICALLY FILED
12/13/2021 1:01 PM
20-CV-2021-900281.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| JAIME C. MOBLEY, an individual, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )          **CV-2021-_____** |
| | ) |
| ROY E. COSBY, an individual, | ) |
| And NUNLEY TRUCKING, a domestic | ) |

**corporation and No. 1**, whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which owned, leased or was otherwise in possession or control of the vehicle being driven by Defendant ROY E. COSBY on the date of the incident forming the basis of the Plaintiffs' Complaint; **No. 2,** whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which employed or who or which was the employer of Defendant ROY E. COSBY on the date of the incident forming the basis of the Plaintiffs' Complaint; **No. 3,** whether singular or plural, that entity or those entities, including, but not limited to, the driver of the commercial motor vehicle whose negligence caused the Plaintiffs' injuries on the date of the incident forming the basis of the Plaintiffs' Complaint; **No. 4,** whether singular or plural, that entity or those entities, including, but not limited to, the driver of the commercial motor vehicle whose wantonness, recklessness or willfulness caused the Plaintiffs' injuries on the occasion forming the basis of the Plaintiffs' Complaint; **No. 5,** whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities who or which was the master, principal or employer of the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiffs' Complaint; **No. 6,** whether singular or plural, that entity or those entities for whom the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiffs' Complaint was performing a duty or service at the time of the incident; **No. 7,** whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities on whose behalf the commercial motor vehicle involved in the collision forming the basis of this lawsuit was being operated at the time of the incident forming the basis of the Plaintiffs' Complaint; **No. 8,** whether singular or plural, that entity or those entities that selected, hired, trained, supervised or retained the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiffs' Complaint; **No. 9,** whether singular or plural, that entity or those entities who or which are responsible for the negligent or wanton hiring, training or supervision of the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiffs' Complaint; **No. 10,** whether singular or plural, that entity or those entities that issued any policy of insurance that provided coverage for the Plaintiffs' injuries received as a result of the incident forming the basis of the Plaintiffs' Complaint, including, but not limited to, uninsured/underinsured motorist coverage, secondary, "umbrella," and/or excess insurance coverage; **No. 11,** whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the commercial motor vehicle involved in the incident forming the basis of the Plaintiffs' Complaint; **No. 12,** whether singular or plural, that entity or those entities who or which are the successor-in-interest of any of the entities described herein; **No. 13,** whether singular or plural, that entity or those entities who or which are

the predecessor-in-interest of any of those entities described herein; **No. 14,** whether singular or plural, that entity or those entities whose negligent, wanton, reckless or willful conduct caused or contributed to cause the collision forming the basis of the Plaintiffs' Complaint; **No. 15,** whether singular or plural, that entity or those entities that maintained the commercial motor vehicle and whose negligence, wantonness, recklessness or willfulness caused or contributed to cause the Plaintiffs' injuries; and **No. 16**, whether singular or plural, that entity or those entities that either sold, gave or otherwise provided intoxicating beverages to the driver of the commercial motor vehicle involved in the collision forming the basis of the Plaintiffs' Complaint. The Plaintiffs aver that that identities of the fictitious parties Defendant are otherwise unknown to the Plaintiffs at this time, or if their names are known, their identities as proper parties Defendant are not known to the Plaintiffs at this time, but their true names will be substituted by amendment when ascertained,

                                                    )
        **Defendant.**                              )

---

## COMPLAINT

---

COMES NOW the Plaintiff JAIME C. MOBLEY, for the relief hereinafter sought, respectfully

show unto this Honorable Court as follows:

### <u>Parties</u>

1.      Plaintiff JAIME C. MOBLEY is an adult resident citizen of Colbert County,

Alabama.

2.      Defendant, ROY E. COSBY is an adult resident citizen of McNairy County,

Tennessee.

3.      Defendant, NUNLEY TRUCKING is a Domestic Corporation with its principal

place of business is located in Iuka, Mississippi.

4.      At the time of the collision forming the basis of this civil action, Defendant

NUNLEY TRUCKING was operating in and doing business in the State of Alabama.

5.      On or about December 17, 2019 Defendant NUNLEY TRUCKING and one or

more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6,

7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, maintained and controlled a 2003 Mack, CH (VIN

#1M1AA13Y33W150470) was involved in a collision with Plaintiff JAIME C. MOBLEY

6.      Defendant ROY E. COSBY is, upon information and belief, an adult resident citizen of McNairy County, Tennessee, who was at all times pertinent to this civil action an employee working for and under the control of Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was the operator of the 2003 Mack, CH (VIN #1M1AA13Y33W150470) owned and/or leased, maintained and controlled by Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 on April 5, 2018.

7.      All of the acts and omissions of Defendant ROY E. COSBY alleged in this civil action were acts and omissions that occurred while Defendant ROY E. COSBY was acting within the line and scope of his employment as an employee of Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

8.      This Complaint is brought against all employees and agents of Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and against the officers, directors, managerial agents, supervisors and safety personnel for Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 who set policy or who play any role in the policymaking process, or any role in the hiring, training, retention and supervision of the employees of Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

9.      Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, as a legal entity, can only act through its officers, employees and agents.  As the employer of those who set policies and play any role in the hiring, training, retention and supervision of the employees, Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 are responsible for its tortious acts or omissions that were the direct and proximate cause of injuries to Plaintiff JAIME C. MOBLEY.

## Factual Allegations

10.      The Plaintiff adopts and incorporate paragraphs one (1) through eight (9) as if fully set out herein.

11.      On or about December 17, 2019 at approximately 06:30 AM, Plaintiff JAIME C. MOBLEY was operating a vehicle that was hit and operated by Defendant ROY E. COSBY.

12.      At the same time and place, Defendant ROY E. COSBY caused and/or allowed the 2003 Mack, CH (VIN #1M1AA13Y33W150470) owned/leased by Defendant NUNLEY TRUCKING to collide with the vehicle operated by Plaintiff, JAIME C. MOBLEY.

13.      As a direct and proximate consequence of the collision described in paragraphs thirteen (13) and fourteen (14), above, the Plaintiffs were caused to suffer injuries and damages as described with particularity in paragraph twenty (20), below.

## Count One
## Negligence/Gross Negligence/Willfulness

14.      The Plaintiff adopts and incorporate paragraphs one (1) through fifteen (15) as if fully set out herein.

15.     At the time of the collision forming the basis of this civil action, Defendant ROY E. COSBY and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, had a duty to refrain from operating a motor vehicle on a public roadway in a negligent, wanton, reckless or willful manner.

16.     Defendant ROY E. COSBY breached his duty described in paragraph fourteen (14), or alternatively paragraph fifteen (15), by negligently, wantonly, recklessly or willfully causing or allowing the 2003 Mack, CH (VIN #1M1AA13Y33W150470) owned/lease by Defendant NUNLEY TRUCKING.., to collide with the vehicle operated by Plaintiff JAIME C. MOBLEY, including, but not limited to, the following conduct:

      a.     Failing to ensure adequate line-of-sight of other vehicles and obstructions in the path of the vehicle;

      b.     Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

      c.     Failing to ensure Fictitious Defendant No. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, did not engage in distracting conduct;

      d.     Failing to ensure Fictitious Defendant No. 11, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, operated a motor vehicle owned by JAIME C. MOBLEY with adequate line-of-sight and proper lookout.

17.     As a direct and proximate consequence of the conduct of Defendant ROY E. COSBY, Plaintiff, JAIME C. MOBLEY were caused to suffer injuries and damages, including, but not limited to:

      a.     The Plaintiff, JAIME C. MOBLEY, was caused and will be caused in the future to incur medical expenses in an effort to treat and cure hIS injuries

      b.     The Plaintiff, JAIME C. MOBLEY, suffered mental anguish and emotional distress.

18.     Defendant ROY E. COSBY, while acting at all times in the line and scope of his employment with Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, breached his duty by negligently, wantonly, recklessly or willfully causing or allowing his commercial vehicle to collide with vehicles owned and/or operated by Plaintiff JAIME C. MOBLEY including, but not limited to, the following conduct:

    a.     Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

    b.     Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

    c.     Failing to yield the right-of-way to the Plaintiff; and

    d.     Operating his commercial vehicle without adequate training, experience and qualification.

19.     As a direct and proximate consequence of the conduct of Defendant ROY E. COSBY and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, Plaintiff JAIME C. MOBLEY were caused to suffer injuries and damages, including, but not limited to:

    a.     The Plaintiff was caused to suffer injuries to their persons that were and are attended by physical pain and suffering;

    b.     The Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat and cure their injuries;

    c.     The Plaintiff suffered mental anguish and emotional distress; and

    d.     The Plaintiff suffered past, present and future lost earnings and lost earning capacity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff JAIME C. MOBLEY request that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant ROY E.

COSBY and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiffs for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiffs request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

### Count Two
### *Respondeat Superior*

20.     The Plaintiff adopts and incorporate paragraphs one (1) through twenty-one (21) as if fully set out herein.

21.     At the time and place of the collision forming the basis of this civil action, Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 were the principal, master and/or employer of Defendant ROY E. COSBY.

22.     At the time and place of the collision forming the basis of this civil action, Defendant ROY E. COSBY was the agent, servant and/or employee of Defendant NUNLEY TRUCKING... and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

23.     At the time and place of the collision forming the basis of this civil action, Defendant ROY E. COSBY was acting within the line and scope of his employment with Defendant NUNLEY TRUCKING... and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was

operating a commercial motor vehicle in furtherance of the business purposes of Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

24.     As a result of the foregoing, Defendant NUNLEY TRUCKING... and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, as principals, are vicariously liable to Plaintiff JAIME C. MOBLEY for the negligent, wanton, reckless or willful conduct of Defendant ROY E. COSBY, as agent, which proximately caused injuries and damages to Plaintiff JAIME C. MOBLEY as set forth in paragraph twenty (20), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff JAIME C. MOBLEY request that the jury selected to hear this case render a verdict for the Plaintiffs and against Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiffs for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Three
## Negligent Hiring, Training, Retention & Supervision

25.     The Plaintiff adopts and incorporate paragraphs one (1) through twenty-six (25), as if fully set out herein.

26. At all times relevant to the events forming the basis of this civil action, Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owed a duty to Plaintiff JAIME C. MOBLEY and to the other members of the motoring public, to exercise reasonable care in:

   a. Hiring and retaining their drivers;

   b. Providing training and instruction to their drivers;

   c. Properly supervising their drivers;

   d. Complying with federal, state or local regulations concerning the inspection, maintenance and operations of their commercial vehicles;

   e. Ensuring that their drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operations of their commercial motor vehicles;

   f. Establishing safe procedures for the operation of their commercial motor vehicles; and

   g. Inspecting, maintaining and repairing their commercial motor vehicles.

27. At all times relevant to the events forming the basis of this civil action, Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 breached the duties set forth above by failing to use reasonable care in the:

   a. Hiring of its drivers, employees or agents, including Defendant ROY E. COSBY

   b. Training of its drivers, employees or agents, including Defendant ROY E. COSBY;

   c. Retention of its drivers, employees or agents, including ROY E. COSBY;

   d. Supervision of its business operations, by failing to properly monitor the driving habits and records of its drivers, employees or agents in a manner

consistent with accepted industry practices, including Defendant ROY E. COSBY;

e.    Instruction of its drivers, employees or agents, including Defendant ROY E. COSBY;

f.    Supervision of its drivers, employees or agents, including Defendant ROY E. COSBY;

g.    Entrustment of a commercial vehicle to its drivers, employees or agents, including Defendant ROY E. COSBY;

h.    Inspection of its commercial motor vehicles;

i.    Proper execution of its business practices and procedures;

j.    Compliance with state and federal regulations;

k.    Enforcement of its drivers', employees' or agents' compliance with state and federal regulations, including Defendant ROY E. COSBY;

l.    Inspection and securement of trailers and/or cargo connected to commercial vehicles in the Defendant's ownership, possession and/or control;

m.    Utilization of available information to properly monitor its drivers, employees or agents, including Defendant ROY E. COSBY, for compliance with company policies, state regulations and federal regulations; and

n.    Other ways that are as yet unknown but may be revealed after further investigation and discovery.

28.    As the entity that employed and controlled Defendant ROY E. COSBY, Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

29.    As a proximate consequence of Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16's breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of Defendant ROY E. COSBY,

**EXHIBIT A**

Plaintiff JAIME C. MOBLEY suffered the injuries and damages set forth in paragraph twenty (20), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff JAIME C. MOBLEY request that the jury selected to hear this case render a verdict for the Plaintiff and against Defendants, ROY E. COSBY and NUNLEY TRUCKING. and one or more of the fictitious parties Defendants listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.   Furthermore, the Plaintiff request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

This the 13th day of December 2021.

/s/ Bradford J. Griffin
Bradford J. Griffin (GRI083)
Attorney for the Plaintiff

**OF COUNSEL:**
ALEXANDER SHUNNARAH
INJURY LAWYERS, P.C.
3626 Clairmont Avenue S.
Birmingham, Alabama 35222
(205) 203-4053 Office
(205) 203-4055 Fax

**JURY DEMAND**

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THIS CASE.**

/s/ Bradford J. Griffin
Bradford J. Griffin (GRI083)

## REQUEST FOR SERVICE VIA CERTIFIED MAIL BY CLERK

The attorney for the Plaintiff hereby respectfully requests that the Clerk serve the following Defendants by certified mail, return receipt requested:

**ROY E. COSBY**
**234 COSBY LANE**
**SELMER, TN 38375**

**NUNLEY TRUCKING**
**C/O HERMAN L. NUNLEY JR.**
**212 CR 197**
**IUKA, MS 38852**

/s/ Bradford J. Griffin
OF COUNSEL



AlaFile E-Notice

20-CV-2021-900281.00

To: BRADFORD JOSEPH GRIFFIN
    bgriffin@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following complaint was FILED on 12/13/2021 1:02:04 PM

Notice Date:     12/13/2021 1:02:04 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



EXHIBIT A

AlaFile E-Notice

20-CV-2021-900281.00

To:  ROY E. COSBY
     234 COSBY LANE
     SELMER, TN, 38375

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following complaint was FILED on 12/13/2021 1:02:04 PM

Notice Date:     12/13/2021 1:02:04 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



EXHIBIT A

AlaFile E-Notice

20-CV-2021-900281.00

To:   NUNLEY TRUCKING
      C/O HERMAN L. NUNLEY JR.
      212 CR 197
      IUKA, IN, 38852

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following complaint was FILED on 12/13/2021 1:02:04 PM

Notice Date:      12/13/2021 1:02:04 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov

**EXHIBIT A**

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>20-CV-2021-900281.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA
### JAMIE C. MOBLEY V. ROY E. COSBY ET AL

**NOTICE TO:**   ROY E. COSBY, 234 COSBY LANE, SELMER, TN 38375
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), BRADFORD JOSEPH GRIFFIN
_____,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Ave S, Birmingham, AL 35222
_____.
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JAMIE C. MOBLEY
pursuant to the Alabama Rules of the Civil Procedure.   *[Name(s)]*

| 12/13/2021 | /s/ MARK R. EADY | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ BRADFORD JOSEPH GRIFFIN
_____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                                    *(Name of County)*

Alabama on _____.
*(Date)*

_____   _____   _____
*(Type of Process Server)*                    *(Server's Signature)*                    *(Address of Server)*

_____   _____
*(Server's Printed Name)*                    *(Phone Number of Server)*

**EXHIBIT A**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>20-CV-2021-900281.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA
### JAMIE C. MOBLEY V. ROY E. COSBY ET AL

**NOTICE TO:**   NUNLEY TRUCKING, C/O HERMAN L. NUNLEY JR. 212 CR 197, IUKA, IN 38852

<em>(Name and Address of Defendant)</em>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), BRADFORD JOSEPH GRIFFIN                                                                                    ,

<em>[Name(s) of Attorney(s)]</em>

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Ave S, Birmingham, AL 35222                                      .

<em>[Address(es) of Plaintiff(s) or Attorney(s)]</em>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JAMIE C. MOBLEY

pursuant to the Alabama Rules of the Civil Procedure.          *[Name(s)]*

| 12/13/2021 | /s/ MARK R. EADY | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ BRADFORD JOSEPH GRIFFIN

<em>(Plaintiff's/Attorney's Signature)</em>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                          .

<em>(Date)</em>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,

<em>(Name of Person Served)</em>          <em>(Name of County)</em>

Alabama on _____ .

<em>(Date)</em>

_____     _____          _____

<em>(Type of Process Server)</em>     <em>(Server's Signature)</em>          <em>(Address of Server)</em>

_____          _____

<em>(Server's Printed Name)</em>          <em>(Phone Number of Server)</em>

**EXHIBIT A**

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

7020 3160 0001 1761 8180

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  Roy E. Cosby

Street and Apt. No., or PO Box No.  WA1 900281

City, State, ZIP+4®  D001

Postmark Here

DEC 13 2021

COLUMBIA, AL 36741

USPS

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

**EXHIBIT A**

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

## OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)

☐ Return Receipt (hardcopy)           $ _____

☐ Return Receipt (electronic)          $ _____

☐ Certified Mail Restricted Delivery    $ _____

☐ Adult Signature Required            $ _____

☐ Adult Signature Restricted Delivery   $ _____

Postage

$

Total Postage and Fees

$



Postmark
Here

TUSCUMBIA, AL 35674

DEC 13 2021

USPS

Sent To  Nunley Trucking  P00A

Street and Apt. No., or PO Box No.

City, State,  Wa1 900281



7020 0640 0001 3741 8147

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

**EXHIBIT A**

## SENDER: *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NUNLEY TRUCKING
C/O HERMAN L. NUNLEY JR.
212 CR 197
IUKA, IN 38852



9590 9402 7160 1251 9563 66

2. Article Number *(Transfer from service label)*

7020 3160 0001 3761 8197

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*         C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Re

**EXHIBIT A**



TUKA MS 386

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

JAN - 4 2022

FILED IN OFFICE
MARK R. E...
COURT COURT          CLRK

2022 JAN -7  AM 10: 44

• Sender: Please print your name, address, and ZIP⁺⁴® in this box•

Mark R. Eady
Circuit Clerk
Colbert County Courthouse
P.O. Box 740370
Tuscumbia, AL 35674

USPS TRACKING #

9590 9402 7160 1251 9563 66

United States
Postal Service



**EXHIBIT A**

AlaFile E-Notice

20-CV-2021-900281.00

Judge: JACQUELINE M. HATCHER

To:  GRIFFIN BRADFORD JOSEPH
bgriffin@asilpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following matter was served on 1/4/2022

**D002 NUNLEY TRUCKING**

**Corresponding To**

CERTIFIED MAIL

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov

**EXHIBIT A**



STATE OF ALABAMA
31st JUDICIAL CIRCUIT
MARK R. EADY, CIRCUIT
Colbert County Courthouse
Post Office Box 740370
Tuscumbia, Alabama 3567

Walmart
Roy Cosby

-R-T-S-   38375-RFS-1N

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
RETURN TO SENDER

CERTIFIED MAIL

7020 3160 0001 3761 8180

NSS

NIXIE

BC: 3567474177 0

372   DC 1

RETURN TO SENDER
NO SUCH STREET
UNABLE TO FORWARD

*2839-03733-14-00

NEOPOST
12/13/2021
US POSTAGE $013.73⁰
ZIP 35674
041M11452353

FIRST-CLASS MAIL

2022 FEB -8 PM 1:12

**EXHIBIT A**

RESTRICTED-DELIVERY

CIRCUIT COURT CLERK

2022 FEB -8 PM 12

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X FILED IN OFFICE
☐ Agent
☐ Addressee

B. Received by (Printed Name)
MARY R EADY
DEPUTY CLERK

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

Cv21.900381  D001

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ROY E. COSBY
234 COSBY LANE
SELMER, TN 38375

9590 9402 6953 1104 5906 67

2. Article Number (Transfer from service label)

7020 3160 0001 3761 8180

PS Form 3811, July 2020 PSN 7530-02-000-9053

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CIRCUIT COURT CLERK
RESTRICTED DELIVERY 2022 FEB -8 PM 1:12



**EXHIBIT A**

AlaFile E-Notice

20-CV-2021-900281.00

Judge: JACQUELINE M. HATCHER

To: GRIFFIN BRADFORD JOSEPH
bgriffin@asilpc.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following matter was not served on 2/8/2022

D001 COSBY ROY E.

Corresponding To

UNCLAIMED CERT MAIL

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov

**EXHIBIT A**

ELECTRONICALLY FILED
2/8/2022 2:22 PM
20-CV-2021-900281.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | | |
|---|---|---|
| **JAMIE C. MOBLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV-2021-900281** |
| | ) | |
| **NUNLEY TRUCKING, et al** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

_____

### DEFENDANT NUNLEY TRUCKING, CO., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

_____

For answer to Plaintiff's Complaint, defendant Nunley Trucking, Co., Inc., improperly identified in Plaintiff's Complaint as "Nunley Trucking," states as follows:

### Parties

1.      Upon information and belief, admitted.

2.      Upon information and belief, admitted.

3.      Defendant denies each and every material allegation contained in Paragraph Three of Plaintiff's Complaint and demands strict proof thereof.

4.      Defendant denies each and every material allegation contained in Paragraph Four of Plaintiff's Complaint and demands strict proof thereof.

5.      Defendant denies each and every material allegation contained in Paragraph Five of Plaintiff's Complaint and demands strict proof thereof.

6.      Defendant denies each and every material allegation contained in Paragraph Six of Plaintiff's Complaint and demands strict proof thereof.

7.      Defendant denies each and every material allegation contained in Paragraph Seven of Plaintiff's Complaint and demands strict proof thereof.

8.      Defendant denies each and every material allegation contained in Paragraph Eight of Plaintiff's Complaint and demands strict proof thereof.

9.      Defendant denies each and every material allegation contained in Paragraph Nine of Plaintiff's Complaint and demands strict proof thereof.

## Factual Allegations

10.     For answer to Paragraph ten of Plaintiff's Complaint adopts and incorporates each of the foregoing paragraphs as if fully set out herein.

11.     Defendant denies each and every material allegation contained in Paragraph Eleven of Plaintiff's Complaint and demands strict proof thereof.

12.     Defendant denies each and every material allegation contained in Paragraph Twelve of Plaintiff's Complaint and demands strict proof thereof.

13.     Defendant denies each and every material allegation contained in Paragraph Thirteen of Plaintiff's Complaint and demands strict proof thereof.

## Count One
## Negligence/Gross Negligence/Willfulness

14.     For answer to Paragraph fourteen of Plaintiff's Complaint adopts and incorporates each of the foregoing paragraphs as if fully set out herein.

15.     Defendant denies each and every material allegation contained in Paragraph Fifteen of Plaintiff's Complaint and demands strict proof thereof.

16.     Defendant denies each and every material allegation contained in Paragraph Sixteen of Plaintiff's Complaint and demands strict proof thereof.

**EXHIBIT A**

17.     Defendant denies each and every material allegation contained in Paragraph Seventeen of Plaintiff's Complaint and demands strict proof thereof.

18.     Defendant denies each and every material allegation contained in Paragraph Eighteen of Plaintiff's Complaint and demands strict proof thereof.

19.     Defendant denies each and every material allegation contained in Paragraph Nineteen of Plaintiff's Complaint and demands strict proof thereof.

## Count Two
## Respondent Superior

20.     For answer to Paragraph Twenty of Plaintiff's Complaint adopts and incorporates each of the foregoing paragraphs as if fully set out herein.

21.     Defendant denies each and every material allegation contained in Paragraph Twenty-one of Plaintiff's Complaint and demands strict proof thereof.

22.     Defendant denies each and every material allegation contained in Paragraph Twenty-two of Plaintiff's Complaint and demands strict proof thereof.

23.     Defendant denies each and every material allegation contained in Paragraph Twenty-three of Plaintiff's Complaint and demands strict proof thereof.

24.     Defendant denies each and every material allegation contained in Paragraph Twenty-four of Plaintiff's Complaint and demands strict proof thereof.

## Count Three
## Negligent Hiring, Training, Retention & Supervision

25.     For answer to Paragraph Twenty-five of Plaintiff's Complaint adopts and incorporates each of the foregoing paragraphs as if fully set out herein.

26.     Defendant denies each and every material allegation contained in Paragraph Twenty-six of Plaintiff's Complaint and demands strict proof thereof.

27.     Defendant denies each and every material allegation contained in Paragraph Twenty-seven of Plaintiff's Complaint and demands strict proof thereof.

28.     Defendant denies each and every material allegation contained in Paragraph Twenty-eight of Plaintiff's Complaint and demands strict proof thereof.

29.     Defendant denies each and every material allegation contained in Paragraph Twenty-nine of Plaintiff's Complaint and demands strict proof thereof.

For answer to the *Ad damnum* clauses contained in the unnumbered paragraphs at the conclusion of each count of Plaintiff's Complaint, defendant denies each and every material allegation and prayer for relief contained therein and demands strict proof thereof. In addition to the forgoing admissions and denials, defendant asserts the following defenses.

### FIRST DEFENSE

This Defendant denies each and every material allegation and demands strict proof thereof.

### SECOND DEFENSE

This Defendant pleads that venue is improper.

### THIRD DEFENSE

This Defendant pleads that service is improper.

### FOURTH DEFENSE

This Defendant pleads not guilty.

### FIFTH DEFENSE

This Defendant pleads the affirmative defense of contributory negligence.

### SIXTH DEFENSE

This Defendant pleads the affirmative defense of sudden emergency.

## SEVENTH DEFENSE

This Defendant denies that the Plaintiff is injured to the extent as alleged in the complaint and demands strict proof thereof.

## EIGHTH DEFENSE

This Defendant asserts Ala. Code §12-21-45 (1975), pursuant to Dixie Marsh v. Rodgers Green, M.D., 782 So.2d 223 (Ala. 2000), as his Eighth Affirmative Defense. The Plaintiff claims damages for medical expenses and/or hospital expenses which have been, or which will be reimbursed or paid, in part or in full.

## NINTH DEFENSE

This Defendant assert that they are entitled to a set off or credit of any and all settlement amounts paid by any party or potential party to this litigation, whether or not named herein, pursuant to Williams v. Colquitt, 272 Ala. 577, 133 So. 2d 364 (Ala. 1961), and its progeny.

## TENTH DEFENSE

This Defendant pleads the defense of lack of subject matter jurisdiction.

## ELEVENTH DEFENSE

This Defendant pleads the defense of lack of jurisdiction over the person.

## TWELFTH DEFENSE

This Defendant pleads the affirmative defense of last clear chance.

## THIRTEENTH DEFENSE

This Defendant pleads the doctrine of estoppel and waiver.

EXHIBIT A

## FOURTEENTH DEFENSE

This Defendant pleads the doctrine of inconsistent positions as a defense to plaintiff's allegations.

## FIFTEENTH DEFENSE

This Defendant states this matter is due to be dismissed as the complaint was filed outside of the applicable statute of limitations.

## SIXTEENTH DEFENSE

With regard to punitive damages, this Defendant pleads the following punitive damages defenses:

1. The Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

    a. It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendant upon a plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

EXHIBIT A

e.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g.      The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h.      The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.   The Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.      It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendant upon a Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

c.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

e.      The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.   The Plaintiff's attempt to impose punitive or extra-contractual damages on defendant, on the basis of vicarious liability for the conduct by others, violates the

Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.    The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.    The award of punitive damages against the Defendant(s) in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

## SEVENTEENTH DEFENSE

This Defendant pleads release, accord, and satisfaction.

## EIGHTEENTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## NINETEENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## TWENTIETH DEFENSE

The Defendant specifically reserves the right to amend his answer as future discovery may dictate.

Respectfully submitted,


/s/ J. Bernard Brannan, III
J. Bernard Brannan, III (BRA155)
Attorney for Defendant
Nunley Trucking

<u>**OF COUNSEL:**</u>
Gaines Gault Hendrix P.C.
361 Summit Blvd, Suite 200
Birmingham, Alabama 35243
Phone: (205) 402-4803
Fax:     (205) 980-1098
bbrannan@ggh-law.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 8th day of February, 2022, a copy of the foregoing was served electronically and/or by placing a copy of same in the U.S. Mail, first-class postage prepaid and properly addressed, as follows:

Bradford J. Griffin
ALEXANDER SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue S.
Birmingham, AL 35222

/s/ J. Bernard Brannan, III
OF COUNSEL



EXHIBIT A

AlaFile E-Notice

20-CV-2021-900281.00

To:   JAMES BERNARD BRANNAN III
      bbrannan@ggh-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following answer was FILED on 2/8/2022 2:22:19 PM

Notice Date:     2/8/2022 2:22:19 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



EXHIBIT A

AlaFile E-Notice

20-CV-2021-900281.00

To:   COSBY ROY E. (PRO SE)
      234 COSBY LANE
      SELMER, TN, 38375-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following answer was FILED on 2/8/2022 2:22:19 PM

Notice Date:      2/8/2022 2:22:19 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



**EXHIBIT A**

AlaFile E-Notice

20-CV-2021-900281.00

To:  NUNLEY TRUCKING (PRO SE)
C/O HERMAN L. NUNLEY JR.
212 CR 197
IUKA, IN, 38852-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following answer was FILED on 2/8/2022 2:22:19 PM

Notice Date:     2/8/2022 2:22:19 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



EXHIBIT A

AlaFile E-Notice

20-CV-2021-900281.00

To:  GRIFFIN BRADFORD JOSEPH
      bgriffin@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following answer was FILED on 2/8/2022 2:22:19 PM

Notice Date:     2/8/2022 2:22:19 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

ELECTRONICALLY FILED
2/10/2022 9:53 AM
20-CV-2021-900281.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

20-CV-2021-900281.00

To:   BRADFORD JOSEPH GRIFFIN
      bgriffin@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following complaint was FILED on 12/13/2021 1:02:04 PM

Notice Date:     12/13/2021 1:02:04 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov

ELECTRONICALLY FILED
12/13/2021 1:01 PM
20-CV-2021-900281.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>20<br><br>Date of Filing:   Judge Code:<br>12/13/2021 |
| --- | --- | --- |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA
### JAMIE C. MOBLEY v. ROY E. COSBY ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER
R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
GRI083   12/13/2021 1:01:56 PM   /s/ BRADFORD JOSEPH GRIFFIN
_____   _____   _____
Date   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO


**EXHIBIT A**

Case 3:22-cv-00467-LCB   Document 1-1   Filed 04/13/22   Page 42 of 62

DOCUMENT 122

ELECTRONICALLY FILED
12/13/2021 1:01 PM
20-CV-2021-900281.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAIME C. MOBLEY, an individual,    )
    )
    **Plaintiff,**    )
    )
v.    )    **CV-2021-_____**
    )
ROY E. COSBY, an individual,    )
And NUNLEY TRUCKING, a domestic    )

**corporation and No. 1**, whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which owned, leased or was otherwise in possession or control of the vehicle being driven by Defendant ROY E. COSBY on the date of the incident forming the basis of the Plaintiffs' Complaint; **No. 2,** whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which employed or who or which was the employer of Defendant ROY E. COSBY on the date of the incident forming the basis of the Plaintiffs' Complaint; **No. 3,** whether singular or plural, that entity or those entities, including, but not limited to, the driver of the commercial motor vehicle whose negligence caused the Plaintiffs' injuries on the date of the incident forming the basis of the Plaintiffs' Complaint; **No. 4,** whether singular or plural, that entity or those entities, including, but not limited to, the driver of the commercial motor vehicle whose wantonness, recklessness or willfulness caused the Plaintiffs' injuries on the occasion forming the basis of the Plaintiffs' Complaint; **No. 5,** whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities who or which was the master, principal or employer of the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiffs' Complaint; **No. 6,** whether singular or plural, that entity or those entities for whom the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiffs' Complaint was performing a duty or service at the time of the incident; **No. 7,** whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities on whose behalf the commercial motor vehicle involved in the collision forming the basis of this lawsuit was being operated at the time of the incident forming the basis of the Plaintiffs' Complaint; **No. 8,** whether singular or plural, that entity or those entities that selected, hired, trained, supervised or retained the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiffs' Complaint; **No. 9,** whether singular or plural, that entity or those entities who or which are responsible for the negligent or wanton hiring, training or supervision of the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiffs' Complaint; **No. 10,** whether singular or plural, that entity or those entities that issued any policy of insurance that provided coverage for the Plaintiffs' injuries received as a result of the incident forming the basis of the Plaintiffs' Complaint, including, but not limited to, uninsured/underinsured motorist coverage, secondary, "umbrella," and/or excess insurance coverage; **No. 11,** whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the commercial motor vehicle involved in the incident forming the basis of the Plaintiffs' Complaint; **No. 12,** whether singular or plural, that entity or those entities who or which are the successor-in-interest of any of the entities described herein; **No. 13,** whether singular or plural, that entity or those entities who or which are

the predecessor-in-interest of any of those entities described herein; **No. 14,** whether singular or plural, that entity or those entities whose negligent, wanton, reckless or willful conduct caused or contributed to cause the collision forming the basis of the Plaintiffs' Complaint; **No. 15,** whether singular or plural, that entity or those entities that maintained the commercial motor vehicle and whose negligence, wantonness, recklessness or willfulness caused or contributed to cause the Plaintiffs' injuries; and **No. 16,** whether singular or plural, that entity or those entities that either sold, gave or otherwise provided intoxicating beverages to the driver of the commercial motor vehicle involved in the collision forming the basis of the Plaintiffs' Complaint. The Plaintiffs aver that that identities of the fictitious parties Defendant are otherwise unknown to the Plaintiffs at this time, or if their names are known, their identities as proper parties Defendant are not known to the Plaintiffs at this time, but their true names will be substituted by amendment when ascertained,

)

**Defendant.**                                        )

## COMPLAINT

COMES NOW the Plaintiff JAIME C. MOBLEY, for the relief hereinafter sought, respectfully show unto this Honorable Court as follows:

### Parties

1.      Plaintiff JAIME C. MOBLEY is an adult resident citizen of Colbert County, Alabama.

2.      Defendant, ROY E. COSBY is an adult resident citizen of McNairy County, Tennessee.

3.      Defendant, NUNLEY TRUCKING is a Domestic Corporation with its principal place of business is located in Iuka, Mississippi.

4.      At the time of the collision forming the basis of this civil action, Defendant NUNLEY TRUCKING was operating in and doing business in the State of Alabama.

5.      On or about December 17, 2019 Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, maintained and controlled a 2003 Mack, CH (VIN #1M1AA13Y33W150470) was involved in a collision with Plaintiff JAIME C. MOBLEY

6.      Defendant ROY E. COSBY is, upon information and belief, an adult resident citizen of McNairy County, Tennessee, who was at all times pertinent to this civil action an employee working for and under the control of Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was the operator of the 2003 Mack, CH (VIN #1M1AA13Y33W150470) owned and/or leased, maintained and controlled by Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 on April 5, 2018.

7.      All of the acts and omissions of Defendant ROY E. COSBY alleged in this civil action were acts and omissions that occurred while Defendant ROY E. COSBY was acting within the line and scope of his employment as an employee of Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

8.      This Complaint is brought against all employees and agents of Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and against the officers, directors, managerial agents, supervisors and safety personnel for Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 who set policy or who play any role in the policymaking process, or any role in the hiring, training, retention and supervision of the employees of Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

9.      Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, as a legal entity, can only act through its officers, employees and agents.  As the employer of those who set policies and play any role in the hiring, training, retention and supervision of the employees, Defendant NUNLEY TRUCKING and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 are responsible for its tortious acts or omissions that were the direct and proximate cause of injuries to Plaintiff JAIME C. MOBLEY.

## Factual Allegations

10.     The Plaintiff adopts and incorporate paragraphs one (1) through eight (9) as if fully set out herein.

11.     On or about December 17, 2019 at approximately 06:30 AM, Plaintiff JAIME C. MOBLEY was operating a vehicle that was hit and operated by Defendant ROY E. COSBY.

12.     At the same time and place, Defendant ROY E. COSBY caused and/or allowed the 2003 Mack, CH (VIN #1M1AA13Y33W150470) owned/leased by Defendant NUNLEY TRUCKING to collide with the vehicle operated by Plaintiff, JAIME C. MOBLEY.

13.     As a direct and proximate consequence of the collision described in paragraphs thirteen (13) and fourteen (14), above, the Plaintiffs were caused to suffer injuries and damages as described with particularity in paragraph twenty (20), below.

## Count One
## Negligence/Gross Negligence/Willfulness

14.     The Plaintiff adopts and incorporate paragraphs one (1) through fifteen (15) as if fully set out herein.

15.     At the time of the collision forming the basis of this civil action, Defendant ROY

E. COSBY and one or more of the fictitious parties Defendant listed and described herein and

numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, had a duty to refrain from operating

a motor vehicle on a public roadway in a negligent, wanton, reckless or willful manner.

16.     Defendant ROY E. COSBY breached his duty described in paragraph fourteen (14),

or alternatively paragraph fifteen (15), by negligently, wantonly, recklessly or willfully causing or

allowing the 2003 Mack, CH (VIN #1M1AA13Y33W150470) owned/lease by Defendant

NUNLEY TRUCKING.., to collide with the vehicle operated by Plaintiff JAIME C. MOBLEY,

including, but not limited to, the following conduct:

      a.     Failing to ensure adequate line-of-sight of other vehicles and obstructions
in the path of the vehicle;

      b.     Failing to maintain a proper lookout for warnings, other vehicles and
obstructions;

      c.     Failing to ensure Fictitious Defendant No. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12,
13, 14, 15 and 16, did not engage in distracting conduct;

      d.     Failing to ensure Fictitious Defendant No. 11, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11,
12, 13, 14, 15 and 16, operated a motor vehicle owned by JAIME C.
MOBLEY with adequate line-of-sight and proper lookout.

17.     As a direct and proximate consequence of the conduct of Defendant ROY E.

COSBY, Plaintiff, JAIME C. MOBLEY were caused to suffer injuries and damages, including,

but not limited to:

      a.     The Plaintiff, JAIME C. MOBLEY, was caused and will be caused in the
future to incur medical expenses in an effort to treat and cure hIS injuries

      b.     The Plaintiff, JAIME C. MOBLEY, suffered mental anguish and emotional
distress.

18. Defendant ROY E. COSBY, while acting at all times in the line and scope of his employment with Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, breached his duty by negligently, wantonly, recklessly or willfully causing or allowing his commercial vehicle to collide with vehicles owned and/or operated by Plaintiff JAIME C. MOBLEY including, but not limited to, the following conduct:

      a.    Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

      b.    Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

      c.    Failing to yield the right-of-way to the Plaintiff; and

      d.    Operating his commercial vehicle without adequate training, experience and qualification.

19. As a direct and proximate consequence of the conduct of Defendant ROY E. COSBY and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, Plaintiff JAIME C. MOBLEY were caused to suffer injuries and damages, including, but not limited to:

      a.    The Plaintiff was caused to suffer injuries to their persons that were and are attended by physical pain and suffering;

      b.    The Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat and cure their injuries;

      c.    The Plaintiff suffered mental anguish and emotional distress; and

      d.    The Plaintiff suffered past, present and future lost earnings and lost earning capacity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff JAIME C. MOBLEY request that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant ROY E.

COSBY and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiffs for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiffs request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

### Count Two
### *Respondeat Superior*

20.     The Plaintiff adopts and incorporate paragraphs one (1) through twenty-one (21) as if fully set out herein.

21.     At the time and place of the collision forming the basis of this civil action, Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 were the principal, master and/or employer of Defendant ROY E. COSBY.

22.     At the time and place of the collision forming the basis of this civil action, Defendant ROY E. COSBY was the agent, servant and/or employee of Defendant NUNLEY TRUCKING... and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

23.     At the time and place of the collision forming the basis of this civil action, Defendant ROY E. COSBY was acting within the line and scope of his employment with Defendant NUNLEY TRUCKING... and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was

operating a commercial motor vehicle in furtherance of the business purposes of Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

24.     As a result of the foregoing, Defendant NUNLEY TRUCKING... and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, as principals, are vicariously liable to Plaintiff JAIME C. MOBLEY for the negligent, wanton, reckless or willful conduct of Defendant ROY E. COSBY, as agent, which proximately caused injuries and damages to Plaintiff JAIME C. MOBLEY as set forth in paragraph twenty (20), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff JAIME C. MOBLEY request that the jury selected to hear this case render a verdict for the Plaintiffs and against Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiffs for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

### Count Three
### Negligent Hiring, Training, Retention & Supervision

25.     The Plaintiff adopts and incorporate paragraphs one (1) through twenty-six (25), as if fully set out herein.

26.     At all times relevant to the events forming the basis of this civil action, Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owed a duty to Plaintiff JAIME C. MOBLEY and to the other members of the motoring public, to exercise reasonable care in:

      a.      Hiring and retaining their drivers;

      b.      Providing training and instruction to their drivers;

      c.      Properly supervising their drivers;

      d.      Complying with federal, state or local regulations concerning the inspection, maintenance and operations of their commercial vehicles;

      e.      Ensuring that their drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operations of their commercial motor vehicles;

      f.      Establishing safe procedures for the operation of their commercial motor vehicles; and

      g.      Inspecting, maintaining and repairing their commercial motor vehicles.

27.     At all times relevant to the events forming the basis of this civil action, Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 breached the duties set forth above by failing to use reasonable care in the:

      a.      Hiring of its drivers, employees or agents, including Defendant ROY E. COSBY

      b.      Training of its drivers, employees or agents, including Defendant ROY E. COSBY;

      c.      Retention of its drivers, employees or agents, including ROY E. COSBY;

      d.      Supervision of its business operations, by failing to properly monitor the driving habits and records of its drivers, employees or agents in a manner

consistent with accepted industry practices, including Defendant ROY E. COSBY;

e.    Instruction of its drivers, employees or agents, including Defendant ROY E. COSBY;

f.    Supervision of its drivers, employees or agents, including Defendant ROY E. COSBY;

g.    Entrustment of a commercial vehicle to its drivers, employees or agents, including Defendant ROY E. COSBY;

h.    Inspection of its commercial motor vehicles;

i.    Proper execution of its business practices and procedures;

j.    Compliance with state and federal regulations;

k.    Enforcement of its drivers', employees' or agents' compliance with state and federal regulations, including Defendant ROY E. COSBY;

l.    Inspection and securement of trailers and/or cargo connected to commercial vehicles in the Defendant's ownership, possession and/or control;

m.    Utilization of available information to properly monitor its drivers, employees or agents, including Defendant ROY E. COSBY, for compliance with company policies, state regulations and federal regulations; and

n.    Other ways that are as yet unknown but may be revealed after further investigation and discovery.

28.    As the entity that employed and controlled Defendant ROY E. COSBY, Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

29.    As a proximate consequence of Defendant NUNLEY TRUCKING. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16's breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of Defendant ROY E. COSBY,

Plaintiff JAIME C. MOBLEY suffered the injuries and damages set forth in paragraph twenty (20), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff JAIME C. MOBLEY request that the jury selected to hear this case render a verdict for the Plaintiff and against Defendants, ROY E. COSBY and NUNLEY TRUCKING. and one or more of the fictitious parties Defendants listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.   Furthermore, the Plaintiff request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

This the 13th day of December 2021.

/s/ Bradford J. Griffin
Bradford J. Griffin (GRI083)
Attorney for the Plaintiff

**OF COUNSEL**:
ALEXANDER SHUNNARAH
INJURY LAWYERS, P.C.
3626 Clairmont Avenue S.
Birmingham, Alabama 35222
(205) 203-4053 Office
(205) 203-4055 Fax

**JURY DEMAND**

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THIS CASE.**

/s/ Bradford J. Griffin
Bradford J. Griffin (GRI083)

## <u>REQUEST FOR SERVICE VIA CERTIFIED MAIL BY CLERK</u>

The attorney for the Plaintiff hereby respectfully requests that the Clerk serve the following Defendants by certified mail, return receipt requested:

**ROY E. COSBY**
**234 COSBY LANE**
**SELMER, TN 38375**

**NUNLEY TRUCKING**
**C/O HERMAN L. NUNLEY JR.**
**212 CR 197**
**IUKA, MS 38852**

<u>/s/</u> Bradford J. Griffin
OF COUNSEL



**EXHIBIT A**

AlaFile E-Notice

20-CV-2021-900281.00

To:  BRADFORD JOSEPH GRIFFIN
     bgriffin@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following alias summons was FILED on 2/10/2022 9:53:48 AM

Notice Date:    2/10/2022 9:53:48 AM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



EXHIBIT A

AlaFile E-Notice

20-CV-2021-900281.00

To:   ROY E. COSBY
      234 COSBY LANE
      SELMER, TN, 38375

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following alias summons was FILED on 2/10/2022 9:53:48 AM

Notice Date:     2/10/2022 9:53:48 AM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



EXHIBIT A

AlaFile E-Notice

20-CV-2021-900281.00

To:  BRANNAN JAMES BERNARD III
     bbrannan@ggh-law.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following alias summons was FILED on 2/10/2022 9:53:48 AM

Notice Date:      2/10/2022 9:53:48 AM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov

**EXHIBIT A**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>20-CV-2021-900281.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA
### JAMIE C. MOBLEY V. ROY E. COSBY ET AL

**NOTICE TO:** ROY E. COSBY, 234 COSBY LANE, SELMER, TN 38375

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), BRADFORD JOSEPH GRIFFIN

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Ave S, Birmingham, AL 35222 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 02/10/2022 | /s/ MARK R. EADY | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____ .

*(Date)*

_____    _____    _____

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

_____    _____

*(Server's Printed Name)*    *(Phone Number of Server)*

**EXHIBIT A**

ELECTRONICALLY FILED
3/15/2022 1:27 PM
20-CV-2021-900281.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | Co<br>20 |
|---|---|---|

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA
### JAMIE C. MOBLEY V. ROY E. COSBY ET AL

NOTICE TO:   ROY E. COSBY, 234 COSBY LANE, SELMER, TN 38375
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), BRADFORD JOSEPH GRIFFIN
_____ ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Ave S, Birmingham, AL 35222                    .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                     *[Name(s)]*

02/10/2022                          /s/ MARK R. EADY              By: _____
*(Date)*                          *(Signature of Clerk)*                    *(Name)*

☐ Certified Mail is hereby requested.   _____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☑ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
Roy Cosby                 in   McNairy                        County,
*(Name of Person Served)*                      *(Name of County)*

TN
~~Alabama~~ on   March 14 2022
*(Date)*

Constable                    _____          340 Industrial Park Dr
*(Type of Process Server)*         *(Server's Signature)*            *(Address of Server)*

Nicholas Ryan Inman                             Selmer, TN 38375
*(Server's Printed Name)*                            731-645-1004
                                              *(Phone Number of Server)*

### 20-CV-2021-900281.00
JAMIE C. MOBLEY V. ROY E. COSBY ET AL

| C001 - MOBLEY JAMIE C. | v. | D001 - ROY E. COSBY |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

**SERVICE RETURN COPY**



**EXHIBIT A**

AlaFile E-Notice

20-CV-2021-900281.00

To:   BRADFORD JOSEPH GRIFFIN
      bgriffin@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following RETURN ON SERVICE - SERVED was FILED on 3/15/2022 1:27:16 PM

Notice Date:     3/15/2022 1:27:16 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov

 **EXHIBIT A**

AlaFile E-Notice

20-CV-2021-900281.00

To:  COSBY ROY E. (PRO SE)
     234 COSBY LANE
     SELMER, TN, 38375-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following RETURN ON SERVICE - SERVED was FILED on 3/15/2022 1:27:16 PM

Notice Date:     3/15/2022 1:27:16 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



EXHIBIT A

AlaFile E-Notice

20-CV-2021-900281.00

To:  BRANNAN JAMES BERNARD III
     bbrannan@ggh-law.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following RETURN ON SERVICE - SERVED was FILED on 3/15/2022 1:27:16 PM

Notice Date:     3/15/2022 1:27:16 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



**EXHIBIT A**

AlaFile E-Notice

20-CV-2021-900281.00

To: BRADFORD JOSEPH GRIFFIN
bgriffin@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

JAMIE C. MOBLEY V. ROY E. COSBY ET AL
20-CV-2021-900281.00

The following RETURN ON SERVICE - SERVED was FILED on 3/15/2022 1:27:16 PM

Notice Date:     3/15/2022 1:27:16 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov